DOC NO
REC'D/FILED

2017 MAY 30 PM 1:16

PETER OPPENEER
CLERK US DIST COURT
~~WD OF WI~~

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

May 31, 2017

PATRICIA ANN WILLIAMS,

        Plaintiff,

v.                                    Case No: 16-cv-253-bbc

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,
RAYMOND ALLEN,

DELORA NEWTON,

ENID GLENN,

KARL DAHLEN

SHERI POLLOCK,

OSCAR AVILES,

LESLIE MIRKIN,

LORIE WALKER,

        Defendants,

---

MOTION TO AMEND & CORRECT COMPLAINT
DUE by May 31, 2017

---

1. The Plaintiff business of Williams Career Placement was injured when Patricia Williams refused to participate in Racketeering and Corruption of paying 20% Kickbacks of Federal Funding payments to her former DVR Counselor Oscar Aviles for each job found and retention for 90 days for each of his clients referred to her business for job seeker services. The Plaintiff's former DVR Counselor in which she worked with. Oscar would send the plaintiff his DVR Clients who needed assistance in finding employment. He stopped sending the Plaintiff his clients, and refused to pay the Plaintiff for several invoices after she refused to pay kickbacks.

2. Therefore, the contract between the Plaintiffs, Williams Career Placement, owner Patricia Williams ended 9 days after it had been signed by both parties (Patricia Williams and DWD) and went into effect. .Plaintiff, Patricia Williams hereby move to show to this court that while working for the State of Department of Workforce Development as an Independent Contractor with Williams Career Placement, as a sole proprietor, and as a DVR Consumer Job Training Participate she was harmed/damaged by the defendants listed above in the caption before and after her contract with DWD had been terminated by Breach of Contract pursuant to Federal Rules of Civil Procedure 15 (a), 21, 25 (d)(1) and *Ex Parte Young*. It is explained below what each every defendant did to the Plaintiff.

2. The Applicant, DWD/DVR Consumer & Plaintiff, Patricia Williams have been blocked/excluded/denied from being re-hired, hired for other DWD positions, and working for other DWD/DVR Service Providers (Independent Contractors) that are contracted with DWD/DVR. Plaintiff experienced disparate treatment, malicious, willful, intentional, harassment, humiliation, malicious, and retaliation under the Rehab Act of 1973 as amended of Section 503 and 504 based on her disability. And she experienced disparate and deference treatment within the DVR program, the same program, that is receiving federal funding, while trying to gain and re-gain employment. Plaintiff is not aware of any DWD/DVR Consumers being treated the same as the Plaintiff at this time.

3. Plaintiff, Patricia Ann Williams has suffered an adverse action which has caused her to become aggrieved, while trying to participate in the State of Wisconsin Department of Workforce Development Division of Vocational Rehabilitation Job Training Program to obtain gainful employment. Williams Career Placement (Patricia Williams) contracted with DWD and suffered a (breach of contract), her business were destroyed after it were cut-off/shut-down, she experienced disability discrimination, Financial ruin, and retaliation within the DVR program that receives Federal Funding, and not being paid for Job Development Services, and the refusal of requested accommodation requested of DWD/DVR Job Developer - Patricia Williams by DVR Director Leslie Mirkin, a white, male, in his 60's, from the country of South Africa. DWD still owes Williams Career Placement for DVR services provided to DVR Counselor Cliff Wollen and Oscar Aviles, whom stopped payments for Job Development Services which caused fear and intimidation for the Plaintiff, she developed reports for one of his (Wollen) Client, and 3 of Oscar's clients, after Plaintiff met with the DVR Consumer, DVR Counselors, and developed his clients' resume, and found the clients a jobs. But Williams Career Placement.

4. **A.** The Plaintiff engaged in conduct that is Constitutional protected by the First Amendment which is complaining about wages (non-payments) to the DVR Director, she filed a complaint with EEOC when her contract had been terminated without cause, and she contacted the Capitol Police about Counterfeit Checks printed, forged and cashed in her legal name without her permission. **B.** The defendant subjected the Plaintiff to adverse treatment by not re-hiring her as an Independent Contractor, Sub-Contractor, or any other permanent positions for DWD because of the plaintiff's constitutional protective activity. **C.** It has been proven that the defendant's conduct against the Plaintiff is sufficiently adverse to deter any person of ordinary firmness from engaging in the protective activity, (of contacting the Police) in the future because of the financial damage and ruin caused, and emotional distress of not having the chance of being re-hired again to earn a living and in order to be able to support her family.

5. The Plaintiff suffered employment discrimination under the Rehab Act of 1973 as amended of Section 503 and 504 based on her disability.

**A.** It has been proven that the Plaintiff is an individual with a disability which is one of the requirements in order to participate in the DWD/DVR job training program. **B.** the Plaintiff is qualified for the positions as a DWD Employment & Training Specialist, DWD/DVR Job Developer, and Sub-Contractor. **C.** the Plaintiff suffered an adverse employment action only just because of her disability. **D.** The State of Wisconsin Department of Workforce Development in which the Plaintiff formerly worked for and applied for DWD jobs is receiving federal financial assistance funding Silk v. City of Chicago, 194 F3d 798 n. 6 (7th Cir. 1999) 42 U.S.C. § 1983, Wis. Stat. 227.52. 29 U.S.C. § 794 (a), 142 U.S.C. § 1983.

## II. WHO & WHAT THE DEFENDANTS LISTED IN THE CAPTION DID!!

**Leslie Mirkin -** DVR Director allowed injury to the Plaintiff's Business by allowing Kickbacks and strong-arm demands against her business for money. And the Plaintiff and her business were slandered and the Plaintiff experience defamation of character by being accused of soliciting for business. The Plaintiff were marketing her business only not soliciting. Therefore, Leslie Mirkin ended the contract agreement and breached the contract that the Plaintiff had between Williams Career Placement and State of Wisconsin Department of Workforce Development. Williams Career Placement were a sub-contractor of DWD. The Plaintiff set-up a business with a Federal Identification Number with the IRS in order to work and get a contract with DWD, while being an unemployed participate in the State of Wisconsin Department of Workforce Development Division of Vocational Rehabilitation job training program. The funds that were paid to Williams Career Placement by DWD were federal funds. DWD is receiving federal funds from the federal government, and is contracted with the United States Department of Education and the Social Security Administration. Therefore, Williams Career Placement were a sub-contractor of DWD. The Plaintiff had to follow all State and Federal Laws therefore, she refused to honor demands for strong-armed kickbacks and threats of her business being destroy by DVR Director Leslie Mirkin. Although, the Plaintiff business contract were shut-down/cut off anyway and she have never been able to earn any money since, July, 2012. He also, has failed to report a crime committed against the Plaintiff to the Police when counterfeit checks were processed, issued, forged and cashed the plaintiff name. Mirkin discriminated against the Plaintiff based on her disability while she is participating in the DVR program during the time this program is receiving federal funding.

**Delora Newton and Enid Glenn-** DVR Administrators have used adverse employment treatment against the DVR Consumer and Applicant, Patricia Williams. Disparate Employment adverse were taken against Patricia Williams - Williams Career Placement by encouraging Patricia Williams to apply for an IRS Federal ID Number, contractor with DWD, and then cut-off the partnership when DWD knew that the DVR Consumer did not have no way to survive as a business without a connection with DWD. Plus, Mrs. Newton & Ms. Enid Glenn is allowing criminals to remain working on the DVR Payroll at this time, after realizing federal funding have been stolen by use of the Plaintiff legal name by printing, forging and cashing checks in the Plaintiff name, and they have failed to report this crime to law enforcement, that has been committed against the Plaintiff within a state governmental program that is receiving federal funding. Both individuals have also, failed to report this crime committed against the Plaintiff to the Police so, the accused DWD employees so, they could be fired, arrested and prosecuted for what cashing unauthorized checks in the plaintiff name.

And both DVR Administrators have chosen not to release the Plaintiff DVR Confidential Case File after she signed her own release requesting her records for both IRIS Cases. Delora Newton and Enid Glenn discriminated against the Plaintiff based on her disability while she is participating in the DVR program during the time this program is receiving federal funding. The Plaintiff contacted the Police though about DWD unauthorized checks being issued in the Plaintiff name. This is retaliation and discrimination based on her disability and the fact the plaintiff are being refused her own confidential records by DWD/DVR Administrators - Glenn and Newton.

**Karl Dahlen** -have used adverse employment treatment against the DVR Consumer and Applicant, Patricia Williams. Disparate Employment adverse were taken against Patricia Willaims - Williams Career Placement by encouraging Patricia Williams to apply for an IRS Federal ID Number, contractor with DWD, and then cut-off the partnership when DWD knew that the DVR Consumer did not have no way to survive as a business without a connection with DWD. DWD Chief Legal Counsel Attorney Dahlen and the top Civil Rights Attorney for DWD, will take the stand under Oath and tell this Court, "why employees involved in identity theft, embezzlement of Federal Funds (training grants) & forgery are still working on the DWD State Payroll."He will give the names of the state employees involved. Explain to the court why he would or others cover up the fact the Plaintiff Civil Rights have been violated and being a victim of a crime within the DVR Program. Attorney Dahlen allowed discrimination to take place in this state agency and did nothing to stop employment discrimination when the Plaintiff experience it within the DVR Job Training program. He will tell this court the truth. He has also, failed to report this crime committed against the Plaintiff to Police. And he refused to release to the plaintiff her own DVR Independent Contractor File - Job Developer entire file located at DWD Central Office. Attorney Dahlen discriminated against the Plaintiff based on her disability while she is participating in the DVR program during the time this program is receiving federal funding.

**Meredith Dressel** - Madison, WI DWD/DVR Bureau of Consumer Services Director. Mrs. Dressel have used adverse employment treatment against the DVR Consumer and Applicant, Patricia Williams. Disparate Employment adverse were taken against Patricia Williams - Williams Career Placement by encouraging Patricia Williams to apply for an IRS Federal ID Number, contractor with DWD, and then cut-off the partnership when DWD knew that the DVR Consumer did not have no way to survive as a business without a connection with DWD. Meredith contacted Patricia Williams to discourage her from contacting the Governor's Office about her DVR IPE. Meredith told the Governor's office that Patricia Williams were happy with her IPE and DVR Counselor when she were not happy with the DVR Process and what were happening when she had lost her only employment while trying to participate in the DVR program to gain and maintain her employment as an Independent Contractor for DWD. She will take the stand under Oath and give the 10 names of the DWD/DVR employees & other State Employees, who embezzled Federal Funds (training grants) in the Plaintiff legal name. She will also, give the names of all others state employees involved in this crime. And she will give the total an amount of federal funds have been stolen. She did nothing to stop and she allowed employment discrimination when the Plaintiff experience it within the DVR Job Training program. Meredith is the Direct Supervisor for ALL DVR Staff therefore she is responsible for what is happened the plaintiff's DVR Confidential Case Files as well.

And she can make sure that the Plaintiff gets a copy of her files, although the Plaintiff as of today does not have a copy of her requested case files. Meredith discriminated against the Plaintiff based on her disability while the DWD is receiving federal funding.

**Oscar Aviles** - Plaintiffs' Past - Madison, Wisconsin DWD/DVR Counselor. Oscar have used adverse employment treatment against the DVR Consumer and Applicant, Patricia Williams. Disparate Employment adverse were taken against Patricia Williams - Williams Career Placement by encouraging Patricia Williams to apply for an IRS Federal ID Number, contractor with DWD, and then cut-off the partnership when DWD knew that the DVR Consumer did not have no way to survive as a business without a connection with DWD. He will take the stand under Oath and explain to this Court, "why he forged the Plaintiff signature (name) on an IPE, and how the Plaintiff's confidential and private information in her file were released over to a DOA State Controller, Aaron Shovich and the DOA Print Shop, DWD Mailroom, so counterfeit checks (training grants) could be printed, forged and cashed without her knowing. He will explain to this court why there were completed Training Grant Applications worksheets missing out of her file. And who put incomplete DVR Training Grants Applications into her DVR File? Oscar will also give the names of others who are involved that work for the state. Oscar has chosen not to report a crime against the Plaintiff to law enforcement. Oscar discriminated against the Plaintiff based on her disability while the DWD is receiving federal funding.

## III. RELIEF WANTED

### PUNITIVE DAMAGES, INJUNCTIVE, COMPENSATORY, DECLARATORY, PREJUDGMENT INTEREST, ATTORNEY FEES AND COSTS, OR ANY ADDITIONAL ENTITLED EQUITABLE RELIEF

Count 1:

DWD has violated the Applicant, DVR Consumer and the Contractor's Agreement and DVR Consumer rights under the **Rehabilitation Act of 1973 as amended of Section 503 & 504 and Title I** while receiving Federal Financial Assistance from the Federal Government while being contracted with the United States Department of Education and the Social Security Administration. The State of Wisconsin (DWD) Department of Workforce Development is receiving Federal Funds from the Federal Government, therefore; there must not be any discrimination or retaliation allowed or, DWD 201 East Washington Avenue, Madison, Wisconsin 53703 can lose its' Federal funding. Plaintiff, Patricia Williams is severely aggrieved by intentional, willful, malicious, & reckless discriminatory disparate treatment based on her disability all while DWD is receiving federal funding and DWD staff listed above have refused to release of the Plaintiff's entitled copy of her DVR Confidential Case file ever since February 9, 2017 for Case File - IRIS Number 001300962/00037475 which is retaliation and discrimination based on her disability, as noted in Enid Glenn attached (Declaration) copy right here, she stated when the Plaintiff, Patricia Williams contacted her about case file records being released into the community without her signing a Release of Confidential Records Form.

This retaliation is for contacting the Police in which activated an investigation in which she participated in, and retaliation by State of Wisconsin Department of Workforce Development staff for the destruction of the Plaintiff's business of Williams Career Placement. While being unemployed and unable or not allowed to return to work for DWD, as an Employment and Training Specialist after on the job training for 6 months, and she had 2 interviews for the same permanent position that she trained for and this is causing the plaintiff to experiencing severe financial income loss. Plaintiff have not achieved an employment outcome since, termination and the denial of multiple jobs she applied for with DWD. Front pay and Back Pay is an equitable remedy, an element of the "make whole" relief available to victims of employment discrimination. "Make whole" relief includes all actions necessary to make a victim of discrimination whole for the discrimination suffered, by placing the individual as near as possible in the situation he or she would have occupied if the wrong had not been committed. *Albemarle Paper Co. v. Moody*[1]. The remedy of front pay compensates a victim in situations where reinstatement or nondiscriminatory placement would be an available remedy, but is denied for reasons peculiar to the individual claim. The compensation of front pay makes the victim of discrimination whole generally until such nondiscriminatory placement can be accomplished. See *Romero v. Department of the Air Force*[2].

Count II:

DWD violated the Plaintiff, Patricia Williams **First Amendment Rights** by retaliating and discriminating against her because she contacted the Police and reported and exercised a protective activity when she reported about crimes being committed at DWD within her DVR Confidential Case File by issuing unauthorized checks within the Plaintiff name without her permission by DWD employees and DOA Employee listed above and what they all did unto the Plaintiff. The Plaintiff could never gain a permanent employment position within DWD after her contract with DWD were terminated. And the plaintiff were not allowed by DWD to work for other DWD Contactors in order to sub-contact either for 5 years. Plaintiff is requesting financial settlement in damages to make her whole again after being a victim of emotional distress, destruction of Williams Career Placement which caused severe financial loss, fear, future financial earnings, humiliation, retaliated against, and discriminated against based on her disability by DWD staff listed above 29 U.S.C. § 794 (d), U.S.C. § 3730(h). 29 U.S.C. § 722 (7), Wis. Stats. DWD 75.11.

The Plaintiff is suffering from financial damage and aggrieved by being unemployed for a termination and Breach of contract with DWD and the refusal of accommodations, humiliation, emotional distress, no current IPE (paralyzed) cannot move forward into the Wisconsin Workforce, Loss of Liberty, identity theft within a governmental State agency which is malicious treatment and experienced retaliation by constantly being denied past & present DWD/DVR (services) and DWD (employment) for assisting and exercising her protective activity right. Plaintiff is still an unemployed participate in the DWD/DVR job training DWD/DVR the defendants actions are in violation of (the Act) Rehabilitation Act of 1973 as Amended of Section 503 & 504, and retaliation under the First Amendment, WI Stat. 227.52.

WHEREFORE, aggrieved Plaintiff, Patricia Williams is seeking financial damages in the amount of $575,000.00, 7 U.S.C. 2279d, Attorney Fees, and any other remedies that this Court may find proper in my case.

Respectfully,

*Patricia Williams - Plaintiff*

Katherine D. Spitz

Assistant Attorney General - USPS Mail

May 31, 2017