IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                     Plaintiff,

        v.

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, RAYMOND ALLEN,
DELORA NEWTON, ENID GLENN, KARL DAHLEN,
SHERI POLLOCK, OSCAR AVILES,
LESLIE MIRKIN and LORI WALKER,

                 Defendants.

OPINION and ORDER

17-cv-253-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                     Plaintiff,

        v.

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, JOSEPH LEDGER and ANDRE SMALL,

                 Defendants.

OPINION and ORDER

17-cv-254-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                     Plaintiff,

        v.

WISCONSIN DEPARTMENT OF WORKFORCE

OPINION and ORDER

17-cv-255-bbc

DEVELOPMENT, KARL DAHLEN,
SHERRI POLLOCK, MEREDITH DRESSEL,
NICHOLAS LAMPONE, ENID GLENN
and DELORI NEWTON,

Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Patricia Williams filed each of these three cases in this court in April 2017. (Plaintiff filed three other cases last year; one is pending (case no. 16-cv-830-bbc) and two are closed (case nos. 16-cv-238-bbc and 16-cv-475-bbc).) All of the cases relate to plaintiff's relationship with the Wisconsin Department of Workforce Development. Plaintiff is a client of the department and receives vocational services. For a time, she performed work for the department as a training specialist.

After screening the original complaints in accordance with 28 U.S.C. § 1915, I dismissed all of plaintiff's claims with the exception of a claim in case no. 17-cv-254-bbc that the Department of Workforce Development declined to give her a permanent job because of her disability, in violation of the Rehabilitation Act. However, I gave plaintiff leave to replead claims that I dismissed for her failure to provide fair notice, as required by Rule 8 of the Federal Rules of Civil Procedure.

---

[1] For the purpose of clarity, I have amended the caption to include the defendants added to plaintiff's amended complaints and I have omitted the Wisconsin Department of Administration, which was included in the original complaint in case no. 17-cv-253-bbc, but was dropped from the amended complaint. Plaintiff has named "Delora Newton" as a defendant in case no. 17-cv-253-bbc and "Delori Newton" in case no. 17-cv-255-bbc. Presumably, this is the same person. I have used the spelling "Delora" in the text of the opinion, but plaintiff should inform the court which spelling is correct so that the caption in either case no. 17-cv-253-bbc or case no. 17-cv-255-bbc can be amended.

Now plaintiff has filed amended complaints in all three cases, adding claims and defendants to each. Having reviewed these complaints, I conclude that it is appropriate to consolidate the three cases under Rule 42 of the Federal Rules of Civil Procedure, as plaintiff previously requested. I am allowing plaintiff to proceed on the following claims:

(1) the Department of Workforce Development refused to give plaintiff a job because she is disabled and because she filed a complaint with the EEOC, in violation of the Rehabilitation Act;

(2) defendants Andre Small and Joseph Ledger refused to give plaintiff a job at the department because she contacted the police about a potential crime, in violation of the First Amendment;

(3) defendant Department of Workforce Development refused to give plaintiff a job because of her race, sex and sexual orientation, in violation of Title VII of the Civil Rights Act;

(4) defendants Joseph Ledger and Andre Small refused to give plaintiff a job with the department because of her race, sex, sexual orientation and disability, in violation of the equal protection clause;

(5) defendant Department of Workforce Development denied plaintiff's request for a copy of her records because of her disability, in violation of the Rehabilitation Act;

(6) defendants Karl Dahlen, Sheri Pollock, Meredith Dressel, Nicholas Lampone, Enid Glenn and Delora Newton disclosed plaintiff's "confidential case file records" into the community and denied plaintiff's request for a copy of her records because she contacted the

police about a potential crime, in violation of the First Amendment.

I am dismissing the amended complaints as to all other claims.

OPINION

I. SCREENING AMENDED COMPLAINT IN CASE NO. 16-CV-253-BBC

A. <u>Summary of Allegations</u>

Despite the court's instructions in the past, <u>e.g.</u>, case no. 16-cv-830-bbc, dkt. #16, plaintiff did not draft her amended complaint as if she were telling a story to someone who knows nothing about her situation. She provided no narrative or chronology of events. Instead, like her previous complaints in this and other cases, plaintiff's amended complaint is a mix of factual and legal conclusions with little context or explanation.

Plaintiff includes the following allegations in her amended complaint:

- at an unspecified time, defendant Oscar Aviles (a counselor for the Division of Vocational Rehabilitation in the Department of Workforce Development) stopped referring clients to plaintiff's "business for job seeker services" after she stopped paying Aviles "20% Kickbacks"; defendant Lesile Mirkin (the DVR director) "allow[ed]" this to occur;

- the Department of Workforce Development owes plaintiff money for "Job Development Services" that she provided;

- "the defendant" refused to give plaintiff a job because she (1) "complain[ed] about wages (nonpayments) to the DVR Director"; (2) filed a complaint with the EEOC when her contract was terminated; and (3) contacted the police about "Counterfeit checks printed, forged and cashed in her legal name without her permission";

- defendant Mirkin defamed plaintiff by "accus[ing] [her] of soliciting business";

- defendant Aviles, defendants Enid Glenn and Delora Newton (DVR administrators), defendant Karl Dahlen (counsel for the Department of Workforce Development) and Meredith Dressel (director of the Bureau of Consumer Services, who is not listed as a defendant in the caption of the amended complaint) "cut off" plaintiff's "partnership" with the Department of Workforce Development after encouraging plaintiff to become an independent contractor;

- after other department employees "print[ed], forg[ed] and cash[ed]" checks in plaintiff's name, defendants Glenn, Newton and Dahlen failed to report that "crime" to the police;

- defendants Glenn, Newton, Dahlen and Dressel have refused to give plaintiff her "Confidential DVR Case file";

- Dressel discouraged plaintiff from contacting the governor about her individualized plan for employment and stated that plaintiff was happy with her plan even though she was not;

- Dressel "allowed employment discrimination when the Plaintiff experience[d] it";

- defendant Aviles forged plaintiff's name on her individualized plan for employment;

- the Department of Workforce Development retaliated and discriminated against plaintiff by refusing to give her confidential file to her;

- the Department of Workforce Development retaliated against her for contacting the police by releasing her "case file records" to the "community"and by refusing to give her a permanent position;

- various defendants "discriminated against the Plaintiff based on her disability."

I will consider whether each of these allegations states a claim upon which relief may be granted.

B.  <u>Analysis</u>

1.  <u>Retaliation claim under the Rehabilitation Act and the First Amendment</u>

I will allow plaintiff to proceed on a claim that the Department of Workforce Development violated the Rehabilitation Act by refusing to give her a job because she filed a complaint with the EEOC.   In the employment context, the Rehabilitation Act incorporates the anti-retaliation provisions of the Americans with Disabilities Act. 29 U.S.C. § 794(d).  The ADA prohibits an employer or prospective employer from retaliating against an employee or prospective employee for filing a charge with the Equal Employment Opportunities Commission related to disability discrimination.  42 U.S.C. § 12202(a). However, the Rehabilitation Act applies only to defendants who receive federal financial assistance.  29 U.S.C. § 794(a).

In this case, plaintiff says that the "defendant" refused to give her a job because she filed a charge with the EEOC.  I understand plaintiff to be referring to the Department of Workforce Development because that is the only defendant in plaintiff's amended complaint that can be sued under the Rehabilitation Act.  <u>Stanek v. St. Charles Community Unit School District No. 303</u>, 783 F.3d 634, 644 (7th Cir. 2015).  Although plaintiff does not allege expressly that her EEOC charge was related to disability discrimination, it is reasonable to infer at the pleading stage that it was because of plaintiff's other allegations of disability discrimination in both this case and other cases that she has filed in this court. Finally, plaintiff alleges that the department receives federal financial assistance.  Although plaintiff does not explain why she believes that her EEOC charge had anything to do with

the decision not to give her a job, in this circuit, a conclusory allegation of discrimination or retaliation is sufficient to state a claim. Tate v. SCR Medical Transportation, 809 F.3d 343, 346 (7th Cir. 2015); Rutledge v. Illinois Dept. of Human Services, 785 F.3d 258, 259 (7th Cir. 2015); Swanson v. Citibank, N.A., 614 F.3d 400 (7th Cir. 2010); Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008).

I note that plaintiff says that the department refused to rehire her as an "independent contractor." Generally, the federal statutes prohibiting employment discrimination do not apply to independent contractors. Flannery v. Recording Industry Association of America, 354 F.3d 632, 642 (7th Cir. 2004). However, determining whether a plaintiff is an "employee" or an "independent contractor" for the purpose of federal discrimination law involves a multifactor test that goes beyond the label used by the plaintiff or defendant. Love v. JP Cullen & Sons, Inc., 779 F.3d 697, 702 (7th Cir. 2015) (listing factors). It would be premature to apply that test in the context of a screening order. However, plaintiff should be prepared to address this issue at summary judgment or trial if the department raises it.

Plaintiff also alleges that "the defendant" refused to give her a job because she "complain[ed] about wages (nonpayments) to the DVR Director" and because she contacted the police about "Counterfeit checks printed, forged and cashed in her legal name without her permission." These allegations have nothing to do with disability discrimination, so they fall outside the scope of the Rehabilitation Act.

Presumably, plaintiff means to raise claims under the First Amendment, which

prohibits retaliation by public officials in the employment context when an employee "speaks 'as a citizen' on matters of public concern." <u>Roake v. Forest Preserve District of Cook County</u>, 849 F.3d 342, 346 (7th Cir. 2017). However, plaintiff's first allegation does not state a claim under the First Amendment because she says she was complaining about the department's failure to pay her, which is a matter of personal, not public, concern. <u>Kristofek v. Village of Orland Hills</u>, 712 F.3d 979, 986 (7th Cir. 2013) ("[I]f the objective of the speech . . . is simply to further a purely personalized grievance, then the speech does not involve a matter of public concern.").

Plaintiff's second allegation, that she reported a potential crime to the police, could raise an issue of public concern. <u>Gooden v. Neal</u>, 17 F.3d 925, 935 (7th Cir. 1994) (assuming that "reports of crime by public employees are speech on a matter of public concern"). The problem with the second allegation is that plaintiff does not identify an individual who retaliated against her. As I informed plaintiff in the original screening order, dkt. #5 at 3, a state agency such as the Department of Workforce Development cannot be sued under the First Amendment. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 65-66 (1989); <u>Illinois Dunesland Preservation Society v. Illinois Dept. of Natural Resources</u>, 584 F.3d 719, 721 (7th Cir. 2009).

Although I could dismiss plaintiff's First Amendment retaliation claim or require her to amend her complaint again, I believe that is unnecessary. In case no. 17-cv-254-bbc, plaintiff identifies Joseph Ledger and Andre Small as the individuals who decided not to give her a job with the department. Although plaintiff did not include Ledger and Small as

defendants in case no. 17-cv-253-bbc, as discussed below, I am allowing her to proceed in case no. 17-cv-254-bbc on related claims that Ledger and Small refused to give her a job because of her race, sex, sexual orientation and disability.

Rather than seek clarification from plaintiff, the most efficient course of action is to consolidate case nos. 17-cv-253-bbc and 17-cv-254-bbc under Rule 42 of the Federal Civil Rules of Civil Procedure and allow plaintiff to proceed against Ledger and Small on her First Amendment retaliation claims. Both cases relate to the decision of department employees to reject plaintiff for a job with the department. Particularly because plaintiff already requested consolidation of these cases (a request the court denied as premature), it makes sense to consolidate now rather than wait for a renewed request. If the court has misconstrued the scope of plaintiff's claims against Ledger and Small, she should notify the court.

3. <u>Other claims</u>

All of plaintiff's other allegations in case no. 17-cv-253-bbc either fail to state a claim upon which relief may be granted or are procedurally barred. First, plaintiff seems to believe that defendants Aviles and Mirkin violated the Racketeer Influenced and Corrupt Organizations Act when Aviles allegedly stopped referring clients to plaintiff. However, an individual does not violate RICO simply by injuring a person's business. Rather, the plaintiff must also show that the defendants "received income from a pattern of racketeering activity" and "used or invested that income in the operation of an enterprise." <u>Rao v. BP</u>

Products North America, Inc., 589 F.3d 389, 398-99 (7th Cir. 2009). Plaintiff has not alleged either of those elements, so I am dismissing this claim.

Second, plaintiff's claim for breach of contract against the Department of Workforce Development fails for procedural reasons. "Although Wisconsin allows plaintiffs to sue the state and state officials in their official capacities for breach of contract, to do so, plaintiffs must first present their claims to the State legislature for payment, and only if the legislature denies their claim may they file a lawsuit." Roman Catholic Foundation, UW-Madison, Inc. v. Regents of University of Wisconsin System, 578 F. Supp. 2d 1121, 1143 (W.D. Wis. 2008) (citing Wis. Stat. §§ 16.007 and 775.01 and Brown v. State, 230 Wis. 2d 355, 367, 602 N.W.2d 79 (Ct. App. 1999)). These are conditions precedent to filing a lawsuit against the state or a state agency, so the plaintiff must allege in her complaint that she satisfied them. Brown, 230 Wis. 2d at 365-69, 602 N.W.2d at 85-87. Because plaintiff does not allege that she presented her claim to the legislature, she cannot proceed with a breach of contract claim.

Third, plaintiff alleges that defendant Mirkin subjected her to "defamation of character" by accusing her of "soliciting for business." A defamation claim under Wisconsin law requires the plaintiff to prove that a statement (1) was spoken to someone other than the person defamed; (2) is false; (3) is unprivileged; and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Torgerson v. Journal/Sentinel, Inc., 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997); Hart v. Bennet, 2003 WI App 231, ¶ 21, 267

Wis. 2d 919, 941, 672 N.W.2d 306, 317.  Plaintiff's allegation is so vague that it is impossible to determine whether any statement by Mirkin meets of any of the requirements for defamation.

Fourth, throughout her complaint, plaintiff repeats her allegation that various defendants "cut off" her "partnership" with the Department of Workforce Development after encouraging her to become an independent contractor.  Plaintiff does not attach this allegation to a legal theory and I am not aware of any theory that would state a claim upon which relief may be granted.  If plaintiff means to raise a claim for promissory estoppel under state law, that claim fails because she has not alleged that any of the defendants promised her anything in order to induce her to become an independent contractor.  Tynan v. JBVBB, LLC, 2007 WI App 265, ¶ 13, 743 N.W.2d 730, 735, 306 Wis.2d 522, 531–32.

There is a similar problem with plaintiff's allegations that several defendants refused to report to the police that other employees "print[ed], forg[ed] and cash[ed]" checks in plaintiff's name and that Meredith Dressel discouraged plaintiff from contacting the governor about her individualized plan for employment.  Plaintiff does not identify any federal or state law that gives her the right to require another person to contact the police or that prohibited Dressel's alleged conduct and I am not aware of any such law.

Next, plaintiff's allegations that several defendants released her confidential records and then denied her request to see her own records are duplicative of allegations in another case plaintiff filed, case no. 17-cv-255-bbc.  I will discuss the allegations in the context of screening that case.

Plaintiff's remaining allegations are so vague that they do not provide fair notice of a claim against any of the defendants, so I am dismissing those claims. Plaintiff did not include *any* allegations against defendants Raymond Allen, Sheri Pollock and Lorie Walker, so she cannot proceed against them. Because plaintiff has already had an opportunity to amend her complaint and most of the remaining allegations appear to raise issues unrelated to the claims on which plaintiff is proceeding, I decline to give plaintiff yet another opportunity to amend her complaint.

## II. SCREENING AMENDED COMPLAINT IN CASE NO. 17-254-BBC

In this case, plaintiff is proceeding on a claim that the Department of Workforce Development declined to give her a job because of her disability, in violation of the Rehabilitation Act. Now she has filed what she calls a "motion for leave to amend complaint." Dkt. #8. Unfortunately, plaintiff has disregarded two instructions that the court has given her in the past. First, it appears that she has combined in one document both a request for leave to amend her complaint and a proposed amended pleading. Second, instead of filing an amended pleading that can replace her original complaint, the new document simply adds new defendants and allegations without incorporating the old ones. The court explained both of these instructions to plaintiff in detail in the context of case no. 16-cv-830-bbc, dkt. #16, at 4-5. The court also stated that any future proposed amendments might be rejected if plaintiff failed to comply. Id.

It is not clear why plaintiff continues to disregard the court's instructions. As the

court has explained to plaintiff, the purpose of the instructions is to make the scope of plaintiff's claims clear. When plaintiff combines her motions and pleadings or files "supplemental" pleadings, it makes it difficult for defendants to answer the complaint and for the court to determine which claims she means to bring.

In this one instance, I will accept plaintiff's supplemental pleading because the claims she seeks to add are simple and straightforward. In particular, she wishes to assert claims under Title VII of the Civil Rights Act that defendant Department of Workforce Development, along with proposed new defendants Joseph Ledger and Andre Small, refused to give her a job with the department because she is black and female and because of her sexual orientation (which she does not disclose).

Title VII prohibits employment discrimination because of both race and sex. 42 U.S.C. § 2000e-2. Recently, the Court of Appeals for Seventh Circuit held that the statute prohibits sexual orientation discrimination as well. <u>Hively v. Ivy Tech Community College of Indiana</u>, 853 F.3d 339 (7th Cir. 2017).

Plaintiff does not explain why she believes that her race, sex or sexual orientation played any part in the decision not to give her a job. However, in this circuit, that information is not required at the pleading stage. <u>Tate</u>, 809 F.3d at 346; <u>Rutledge</u>, 785 F.3d at 259; <u>Swanson</u>, 614 F.3d 400; <u>Tamayo</u>, 526 F.3d at 1084. Accordingly, I will allow plaintiff to proceed on these claims against the Department of Workforce Development. Of course, at summary judgment or trial, plaintiff will need to come forward with specific evidence showing that the department discriminated against her because of each of these

characteristics.

Plaintiff cannot sue individuals under Title VII. <u>EEOC v. AIC Security Investigations, Ltd.</u>, 55 F.3d 1276, 1280 (7th Cir. 1995). However, I will allow plaintiff to proceed against Ledger and Small under 42 U.S.C. § 1983 and the equal protection clause, which imposes a similar standard of liability on public officials who engage in employment discrimination. <u>Salas v. Wisconsin Dept. of Corrections</u>, 493 F.3d 913, 926 (7th Cir. 2007). Although plaintiff does not say so expressly, it is reasonable to infer at this stage of the proceedings that defendants Ledger and Small are public employees.


III. SCREENING AMENDED COMPLAINT IN CASE NO. 17-CV-255-BBC

I understand plaintiff to be alleging that defendant Department of Workforce Development and new defendants Karl Dahlen, Sheri Pollock, Meredith Dressel, Nicholas Lampon, Enid Glenn and Delora Newton (all employees of the department) were personally involved in both disseminating plaintiff's "confidential case file records" into the community and in refusing plaintiff's request for a copy of her records. In addition, she alleges that defendants took these actions because she is disabled and because she "contact[ed] the Police" and triggered an "investigation for the issuing of counterfeit checks." She raises claims under both the Rehabilitation Act and the First Amendment.


1. <u>Consolidation</u>

As an initial matter, because these claims overlap with plaintiff's allegations in case

no. 16-cv-254-bbc, it makes sense to join this case with the other cases. Accordingly, on the court's own motion, I am consolidating all three cases under Rule 42.


2. Claim preclusion

I conclude that plaintiff's claim that the department disclosed her records is barred under the doctrine of claim preclusion. Plaintiff raised the same claim in case no. 16-cv-238-bbc and I later entered judgment in favor of the department. Once a claim against a particular defendant has been resolved on the merits, a plaintiff cannot raise the same claim in a second lawsuit. Adams v. City of Indianapolis, 742 F.3d 720, 735-36 (7th Cir. 2014). Although plaintiff did not allege in the earlier case that the department discriminated against her because of a disability in the context of employment or another program that received federal financial assistance, claim preclusion applies even when the plaintiff is raising a new legal theory about the same set of facts. Highway J Citizens Group v. United States Dept. of Transporation, 456 F.3d 734, 741 (7th Cir. 2006). Because both claims arise out of the alleged disclosure of plaintiff's records, the claim in this case is precluded. However, plaintiff's claims against the department employees are not precluded because the employees were not defendants in the earlier case and the Court of Appeals for the Seventh Circuit has held that government employees sued in their individual capacities are not in privity with a government entity sued in an earlier case. Sterling v. United States, 85 F.3d 1225, 1230 n.1 (7th Cir. 1996). Accordingly, I will turn to the merits of plaintiff's claims against the individual defendants and her claim that the department denied her request for records

because of her disability.

3. Merits

Although plaintiff has provided few details about her claims, under this circuit's liberal pleading standards, I conclude that she has provided the bare minimum facts necessary to state a claim. I will allow her to proceed under the Rehabilitation Act against the department and under the First Amendment against the individual defendants.

To prevail on a First Amendment retaliation claim, a plaintiff must prove three things: (1) she engaged in conduct that is protected by the First Amendment; (2) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009). As noted above, state agencies cannot be sued for violations of constitutional provisions such as the First Amendment. Rather, a plaintiff must sue individual officials who were personally involved in violating her rights. Thompson v. Holm, 809 F.3d 376, 380 (7th Cir. 2016).

At this early stage of the proceedings, it is reasonable to infer that plaintiff's report to the police was protected by the First Amendment. It is a closer question whether it is reasonable to infer that a person of ordinary firmness would be deterred by the alleged disclosure and the refusal to provide records. Although plaintiff does not identify the

content of the records that were disclosed and withheld, she says that they were "confidential."  I conclude that is enough, if only barely, to satisfy the second element at the pleading stage.  Plaintiff will have to provide much more specific information at summary judgment or trial and defendants will be free to argue that the records were not significant enough to sustain a claim under the First Amendment.  As to the third element, plaintiff does not explain why she believes her police report is related to defendants' handling of her records, but at the pleading stage, plaintiff is not required to provide more than a conclusory allegation.  At summary judgment or trial, plaintiff will have to come forward with specific evidence to support each element of her claim.

To prevail on a discrimination claim under the Rehabilitation Act, a plaintiff must prove three things: (1) she is disabled within the meaning of the statute; (2) the defendant discriminated against her because of her disability; and (3) the discrimination occurred in the context of a program or activity for which the defendant receives federal financial assistance.  29 U.S.C. § 794.  A plaintiff bringing a claim under the Rehabilitation Act must sue the entity receiving federal financial assistance; individuals are not proper parties.  Stanek, 783 F.3d at 644.

Plaintiff does not identify her disability or disabilities in her complaint, but it is reasonable to infer at the pleading stage that she is disabled because she is a participant in a program that provides vocational services to individuals with a disability.  As to the second element, plaintiff makes only a conclusory allegation that the department refused to give her a copy of her records because of her disability, but, again, at the pleading stage, a conclusory

allegation is sufficient in this circuit. Finally, plaintiff alleges that the department receives federal financial assistance. She does not allege expressly that the department's conduct related to her records occurred in the context of a program or activity that receives federal financial assistance, but I will infer at this stage that it did. Again, plaintiff will have to prove with specific evidence each of these elements at summary judgment or trial.

## IV. CONCLUSION

I have concluded that some of plaintiff's allegations are sufficient to meet the minimal pleading requirements for discrimination and retaliation claims in this circuit. However, discrimination and retaliation claims are classic examples of claims that are easy to allege but hard to prove. Many pro se plaintiffs make the mistake of believing that they have nothing left to do after filing the complaint, but that is far from accurate. A plaintiff may not prove her claim with the allegations in her complaint, <u>Sparing v. Village of Olympia Fields</u>, 266 F.3d 684, 692 (7th Cir. 2001), or her personal beliefs, <u>Fane v. Locke Reynolds, LLP</u>, 480 F.3d 534, 539 (7th Cir. 2007).

Before plaintiff proceeds further, she should consider whether she will be able to obtain the necessary evidence to prove each of her claims. Under the Federal Rules of Civil Procedure, plaintiff is required to have a reasonable basis for asserting her claims, even at the pleading stage. Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). Particularly because plaintiff is alleging discrimination and retaliation on so many different grounds, she should consider carefully whether she will be able to prove each of the claims on which she is being allowed to proceed. If she determines that she cannot prove a particular claim, she should move to dismiss that claim from the case.

ORDER

IT IS ORDERED that

1. On the court's own motion, these three cases are CONSOLIDATED for all purposes under Fed. R. Civ. P. 42.

2. Plaintiff Patricia Williams is GRANTED leave to proceed on the following claims:

(1) the Department of Workforce Development refused to give plaintiff a job because she is disabled and because she filed a complaint with the EEOC, in violation of the Rehabilitation Act;

(2) defendants Andre Small and Joseph Ledger refused to give plaintiff a job at the department because she contacted the police about a potential crime, in violation of the First Amendment;

(3) defendant Department of Workforce Development refused to give plaintiff a job because of her race, sex and sexual orientation, in violation of Title VII of the Civil Rights Act;

(4) defendants Joseph Ledger and Andre Small refused to give plaintiff a job with the department because of her race, sex, sexual orientation and disability, in violation of the equal protection clause;

(5) defendant Department of Workforce Development denied plaintiff's request for a copy of her records because of her disability, in violation of the Rehabilitation Act;

(6) defendants Karl Dahlen, Sheri Pollock, Meredith Dressel, Nicholas Lampone, Enid Glenn and Delora Newton disclosed plaintiff's "confidential case file records" into "the community" and denied plaintiff's request for a copy of her records because plaintiff contacted the police about a potential crime, in violation of the First Amendment.

3.   Plaintiff is DENIED leave to proceed on all other claims.  Defendants Raymond Allen, Oscar Aviles, Leslie Mirkin and Lorie Walker are DISMISSED.

4.   The clerk of court is directed to forward completed summons, this order and copies of the following documents to the U.S. Marshal for service on defendants Joseph Ledger and Andre Small, Karl Dahlen, Sheri Pollock, Meredith Dressel, Nicholas Lampone, Enid Glenn and Delora Newton: dkt. ##1, 5 and 6 in case no. 17-cv-253-bbc; dkt. ##1 and 8 in case no. 17-cv-254-bbc; and dkt. ##1 and 6 in case 17-cv-255-bbc.

5.  Because the Department of Workforce Development was personally served in case no. 17-cv-254-bbc, I conclude that the department need not be served again.  If the department believes it is entitled to personal service of the complaints in 17-cv-253-bbc and

17-cv-254-bbc, it should raise that issue with the court.

Entered this 19th day of June, 2017.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge