IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

        Plaintiff,

    v.

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, DELORA NEWTON,
ENID GLENN, KARL DAHLEN, SHERI POLLOCK,
JOSEPH LEDGER and ANDRE SMALL,

        Defendants.

OPINION and ORDER

17-cv-253-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

        Plaintiff,

    v.

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, JOSEPH LEDGER and ANDRE SMALL,

        Defendants.

OPINION and ORDER

17-cv-254-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

        Plaintiff,

    v.

OPINION and ORDER

17-cv-255-bbc

1

WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, KARL DAHLEN,
SHERRI POLLOCK, MEREDITH DRESSEL,
NICHOLAS LAMPONE, ENID GLENN
and DELORI NEWTON,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this these three cases, pro se plaintiff Patricia Williams is suing the Wisconsin Department of Workforce Development and several of its employees for discriminating and retaliating against her in various ways. After screening amended complaints in each case, I concluded that consolidation of the cases under Fed. R. Civ. P. 42 was appropriate, as plaintiff had argued in an earlier motion.

Now plaintiff has filed a motion to transfer *one* of the cases, case no. 17-cv-254-bbc, to the Eastern District of Wisconsin. Although this request is at odds with her earlier request for consolidation, plaintiff does not explain why she is seeking transfer of only one case. In any event, plaintiff has not shown that transfer is appropriate. In her one-page motion, plaintiff says that the case should be transferred in accordance with Wis. Stat. § 227.52, but that statute says nothing about venue and, even if it did, state law venue provisions have no bearing on a case pending in federal court.

The only fact relevant to transfer that plaintiff alleges in her motion is that "the discriminatory treatment being reviewed happened in Milwaukee County." Plaintiff does not provide any context for that allegation, which is not included in any of her complaints. Even if I assume that some of the alleged conduct occurred in Milwaukee County, this would

not mean that transfer is appropriate. Plaintiff chose to file her lawsuit in this district, where the Department of Workforce Development is located. She does not allege that any of the defendants live or work in the Eastern District of Wisconsin. Particularly because plaintiff is seeking transfer of only one of three cases that have been consolidated at her request, a conclusory allegation that an event relevant to one case may have occurred in a different district is not a sufficient ground for transferring the case.

ORDER

IT IS ORDERED that plaintiff Patricia Williams's "motion to change venue," dkt. #9 (in case nos. 17-cv-253-bbc and 17-cv-255-bbc) and dkt. #14 (in case no. 17-cv-254-bbc), is DENIED.

Entered this 21st day of June, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge