IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                                               OPINION AND ORDER

        Plaintiff,

                                               17-cv-253-bbc

    v.

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,
DELORA NEWTON, ENID GLENN, KARL DAHLEN,
SHERI POLLOCK, JOSEPH LEDGER and ANDRE SMALL,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                                               OPINION AND ORDER

        Plaintiff,

                                             17-cv-254-bbc

    v.

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,
JOSEPH LEDGER and ANDRE SMALL,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                                               OPINION AND ORDER

        Plaintiff,

                                           17-cv-255-bbc

    v.

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,
KARL DAHLEN, SHERRI POLLOCK, MEREDITH DRESSEL,
NICHOLAS LAMPONE, ENID GLENN and DELORI NEWTON,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In these three consolidated cases, pro se plaintiff Patricia Williams is suing the Wisconsin Department of Workforce Development and several of its employees for discriminating and retaliating against her in various ways. Now before the court is defendants' motion for summary judgment. Dkt. #42. (Citations are to docket numbers in case number 17-cv-253-bbc, unless otherwise specified.) For the reasons below, I am granting the motion in full. Because I am granting defendants' motion, I will deny their earlier filed motion to compel as moot.

From defendants' proposed findings of fact and plaintiff's responses, I find the following facts to be material and undisputed. Notably, plaintiff did not submit her own proposed findings of fact. Although she made several factual assertions in her brief, she did not cite admissible evidence to support those assertions. Additionally, plaintiff submitted several documents as exhibits to the declaration of "Shameeah Flowers," but plaintiff never identifies Shameeah Flowers or explains how she would have foundation or personal knowledge to authenticate the documents. Therefore, none of these documents are admissible evidence.

UNDISPUTED FACTS

A. Division of Vocational Rehabilitation Cancels Contract with Plaintiff's Business

For several years, plaintiff Patricia Williams has received vocational rehabilitation services from defendant Department of Workforce Development, Division of Vocational Rehabilitation. In 2010, the Division of Vocational Rehabilitation entered into a service provider agreement with plaintiff, under which plaintiff's business, Williams Career

Placement, would provide job development and coaching services to other individuals receiving services from the Division. Dkt. #49-3. On July 10, 2012, the Division sent plaintiff a letter giving her 90-days notice of the termination of the service agreement. Dkt. #49-4. The letter stated that Williams Career Placements was not meeting "expectations in providing equitable and quality services to all [Division] consumers." The letter went on to state that plaintiff had engaged in the "unethical business practice" of contacting consumers directly on a regular basis, as well as calling staff too frequently. Id.

In April of 2013, plaintiff filed a complaint with Wisconsin's Equal Rights Division, contending that the Division of Vocational Rehabilitation ended her service provider contract because of her disability, race and color, and in retaliation for protected activity. The Equal Rights Division dismissed her complaint without a hearing on the grounds that plaintiff's business, Williams Career Placement, was an "independent contractor" not protected by the Wisconsin Fair Employment Act. Plaintiff appealed the dismissal to the Labor and Industry Review Commission, which remanded the matter for a hearing on the question of jurisdiction. On November 7, 2017, the Equal Rights Division held a hearing on the issue whether Williams Career Placement was an employee or an independent contractor. The parties filed posthearing briefs in January 2018, and the case remains pending.

### B. Plaintiff is Hired for a Limited Term Position with the Department of Workforce Development

In 2015, defendant Andre Small was the Section Chief of Job Service for the

3

Department of Workforce Development's Division of Employment and Training–Bureau of Job Service. He was responsible for managing the department's call center, among other duties. During the summer and fall of 2015, there was an opening for a limited term employee in the call center. The limited term positions are for a term of 1,400 work hours. Small worked with the Division of Vocational Rehabilitation to recruit a person for the position. Plaintiff expressed her interest in the position and the Division of Vocational Rehabilitation forwarded her resume to Small. Small then interviewed plaintiff and offered her the limited term position, making clear to plaintiff that the position would last only 1,400 hours.

Defendant Small acted as plaintiff's supervisor at the call center and set up training for her. In Small's opinion, plaintiff did not retain the training information as well as the other limited term employees. However, Small did not terminate plaintiff, but allowed her to complete the 1,400 hours by answering calls and then transferring the constituents to call center staff members who could better assist them.

C. <u>Defendant Sheri Pollack Files Record of Administrative Proceedings with Court</u>

On May 4, 2015, plaintiff requested a hearing with the Department of Administration regarding a dispute (unrelated to this case) she was having with the Department of Workforce Development. After the Department of Administration, Division of Hearing and Appeals, reached a decision unfavorable to plaintiff, she petitioned for judicial review in the Circuit Court for Dane County, Case No. 15-CV-2095. On October 19, 2015, defendant Sheri Pollock, the deputy chief legal counsel for the Department of

4

Workforce Development, filed the certified record of the administrative proceeding with the circuit court on behalf of the department. The court ultimately affirmed the decision of the Division of Hearing and Appeals.

On March 29, 2016, plaintiff filed a letter with the Circuit Court for Dane County in case 15-CV-2095, requesting an appeal and an investigation into what she believed was an unlawful disclosure of her records from her consumer file, specifically, the administrative record of the proceeding. On April 8, 2016, the circuit court denied plaintiff's motion for an investigation, concluding that the records were necessary because the court "needed to know what the DWD relied on in reaching its decision." The court further stated, "How else can I decide?" Dkt. #49-2.

### D. Plaintiff Seeks Investigation into Allegedly Forged Checks

Around June of 2015, plaintiff reported to law enforcement agencies that she believed the Department of Workforce Development had forged her signature on checks the agency issued and then cashed them without her consent. Several law enforcement agencies investigated plaintiff's claim and found no evidence of wrongdoing on the part of the department.

### E. Plaintiff Applies for Several Positions with the Department of Workforce Development

In October 2015, plaintiff applied for a position as an employment and training specialist for the Department of Workforce Development. At the time, defendant Joseph

5

Ledger was the District Director for Job Service of Workforce Development Area 10 and was responsible for filling the position. In December 2015, Ledger interviewed plaintiff for the position. Ledger had no knowledge of plaintiff's sexual orientation or her disability, nor was Ledger aware that plaintiff had filed discrimination complaints and contacted the police about the Division of Vocational Rehabilitation. Ledger did not hire plaintiff for the position, because another candidate was more qualified.

Plaintiff submitted two more applications for positions with the Department: a training counselor position in December 2015 and a program and policy analyst position in January 2016. Both positions required plaintiff to complete a civil service examination. At the time of these applications, civil service examinations were scored by job experts who are in a classification at or above that of the position being filled or who have previously held a similar position. The job experts received the civil service examination materials, from which the applicant's name and personal identifying information had been redacted, and applied a set of predetermined scoring criteria in grading the application materials.

The passing score for both of the exams administered for the permanent positions for which plaintiff applied was a civil service score of 70. Plaintiff did not receive a passing score on the civil service examinations for either position and, therefore, was not considered for either position.

OPINION

Plaintiff was granted leave to proceed on the following claims under the First Amendment, Fourteenth Amendment, Title VII of the Civil Rights Act and Rehabilitation

Act:

(1) defendants Department of Workforce Development, Andre Small and Joseph Ledger refused to give her a job because of her race, sex, sexual orientation and disability and because she filed a discrimination complaint with the Equal Rights Division and contacted the police about a potential crime;

(2) defendant Department of Workforce Development denied plaintiff's request for a copy of her records because of her disability; and

(3) defendants Karl Dahlen, Sheri Pollock, Meredith Dressel, Nicholas Lampone, Enid Glenn and Delora Newton disclosed plaintiff's "confidential case file records" into the community and denied plaintiff's request for a copy of her records because she contacted the police about a potential crime.

As discussed below, none of plaintiff's claims have merit.

A. <u>Claims Based on Defendants' Failure to Hire Plaintiff for a Permanent Position at the Department of Workforce Development</u>

At the screening stage of these cases, I granted plaintiff leave to proceed on several claims arising out of her allegations that defendants failed to hire her for permanent positions at the Department of Workforce Development. Plaintiff's allegations were sufficient to state claims of discrimination under the Rehabilitation Act, Title VII and the equal protection clause, as well as claims of retaliation under the Rehabilitation Act and First Amendment. Different legal standards apply to each claim. As discussed below, regardless the applicable legal standard, it is clear from the undisputed facts that plaintiff cannot succeed on any of her claims under any legal theory.

1. Retaliation claims

In the employment context, the Rehabilitation Act incorporates the anti-retaliation provisions of the Americans with Disabilities Act. 29 U.S.C. § 794(d). The ADA prohibits an employer or prospective employer from retaliating against an employee or prospective employee for filing a charge with the Equal Employment Opportunities Commission related to disability discrimination. Stanek v. St. Charles Community Unit School Dist. No. 303, 783 F.3d 634, 641 (7th Cir. 2015).

The First Amendment prohibits retaliation by public officials in the employment context when an employee "speaks 'as a citizen' on matters of public concern." Roake v. Forest Preserve District of Cook County, 849 F.3d 342, 346 (7th Cir. 2017). To prevail on a First Amendment retaliation claim, a plaintiff must prove three things: (1) she engaged in conduct that is protected by the First Amendment; (2) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009).

Plaintiff contends she was denied a permanent position at defendant Department of Workforce Development both because she had filed a discrimination complaint with the Equal Rights Division regarding termination of her service provider agreement and because she reported to law enforcement agencies that she believed the department had forged her name and cashed checks without her authorization. Defendants do not dispute that plaintiff's discrimination complaint and statements to law enforcement were protected

speech. However, plaintiff has submitted no evidence that would support a finding that defendants failed to hire plaintiff because of her speech.

The evidence shows that plaintiff applied for three jobs after she filed the discrimination complaint in 2014. Defendant Ledger interviewed plaintiff for one of the positions in December 2015, but ultimately offered the job to a more qualified applicant. Plaintiff has submitted no evidence to undermine Ledger's explanation for why plaintiff was not hired. Moreover, plaintiff has not submitted any evidence showing that defendants Ledger, Small or anyone else involved in hiring decisions were even aware of plaintiff's discrimination complaint or police reports at the time they made hiring decision.

As for the other two positions for which plaintiff applied, the evidence shows that plaintiff was not considered for the positions because she did not receive a passing score on the civil service examinations applicable to those positions. Plaintiff has offered no evidence to refute this. Additionally, she has offered no evidence suggesting that the job experts who graded the civil service examinations were aware of her protected speech or had any other reason to retaliate against her. Accordingly, defendants are entitled to summary judgment on plaintiff's employment-related retaliation claims.

2. Discrimination claims

Plaintiff also contends that defendants refused to hired her for a permanent position because of her race, sex, sexual orientation and disability. Title VII prohibits employment discrimination because of both race and sex. 42 U.S.C. § 2000e-2. Recently, the Court of Appeals for the Seventh Circuit held that the statute prohibits sexual orientation

9

discrimination as well.  Hively v. Ivy Tech Community College of Indiana, 853 F.3d 339 (7th Cir. 2017).  The equal protection clause also prohibits public officials from discriminating against employees or potential employees because of protected characteristics. Salas v. Wisconsin Dept. of Corrections, 493 F.3d 913, 926 (7th Cir. 2007).  Finally, the Rehabilitation Act prohibits employment discrimination on the basis of disability.  Whitaker v. Wisconsin Dept. of Health Services, 849 F.3d 681, 684 (7th Cir. 2017); Rutledge v. Illinois Dept. of Human Services, 785 F.3d 258, 258-59 (7th Cir. 2015).

Plaintiff's discrimination claims fail because she has submitted no evidence that any defendant denied her any position because of her race, sex, sexual orientation or disability.  Instead, as discussed above, the undisputed facts show that plaintiff was not hired for a permanent position because other candidates were more qualified and she failed to pass the applicable civil service exams.  Because plaintiff has submitted no evidence to refute these facts, defendants are entitled to summary judgment on plaintiff's discrimination claims.

### B.  Claim that Defendants Denied Plaintiff Access to her Records

At screening, plaintiff alleged that defendant Department of Workforce Development and defendants Karl Dahlen, Sheri Pollack, Meredith Dressel, Nicholas Lampone, Enid Glenn and Delora Newton denied her request for a copy of her "records" because of her disability, in violation of the Rehabilitation Act, and because she had contacted the police about a potential crime, in violation of the First Amendment.  Although it was unclear to which records plaintiff was referring, I concluded that plaintiff's allegations were sufficient to state a claim at the screening stage.

Defendants contend that they have no idea what this claim is about. They assert that plaintiff has never requested or been denied access to any files by any defendant. In response, plaintiff has submitted no evidence showing that she was denied access to any records at any time. Therefore, this claim fails and defendants are entitled to summary judgment on it.

### C. Claims Based on Allegation that Defendants Disclosed Plaintiff's Confidential Case File

Finally, plaintiff was granted leave to proceed on claims that defendants disclosed "confidential case file records" into "the community" in retaliation for her contacting the police about a potential crime. At screening, it was not clear to which records plaintiff was referring and how they were disclosed to the community. Now it is clear that plaintiff is arguing that it was unconstitutional for the Department of Justice to file in the state court the certified record from an administrative proceeding for which she had sought review. This argument is frivolous. As the state court judge explained already, filing the administrative record was necessary, proper and required under Wis. Stat. § 227.55. For these reasons, defendants are entitled to summary judgment on this claim as well.

### ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Wisconsin Department of Workforce Development, Delora Newton, Enid Glenn, Karl Dahlen, Sheri Pollack, Joseph

Ledger, Andre Small, Meredith Dressel and Nicholas Lampone (dkt. #42 in case no. 17-cv-253-bbc; dkt. #47 in 17-cv-254-bbc; dkt. #41 in 17-cv-255-bbc) is GRANTED.

2. Defendants' motion to compel (dkt. #39 in case no. 17-cv-253-bbc; dkt. #44 in case no. 17-cv-254-bbc; dkt. #38 in 17-cv-255-bbc) is DENIED as moot.

3. The clerk of court is directed to enter judgment for defendants and close these cases.

Entered this 28th day of February, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge